UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

RENEE MARIE GILLESPIE,
    Debtor.
_____/

Case No. 22-20855-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING MOTION OF KATHLEEN KLAUS AND
RICHARD ROOSEN FOR PARTIAL RECONSIDERATION OF ORDER
COMPELLING 2004 EXAMINATION AND ALTERNATIVE MOTION TO STAY

Introduction

On November 22, 2022, this Court entered an Order Regarding Debtor's Motion to Examine Katie Klaus, Compliance Counsel for Servicer Roosen, Varchetti and Oliver, as well as Richard Roosen Pursuant to Fed. R. Bank. P. 2004 and Requiring the Production of Documents ("Order"). Ms. Klaus and Mr. Roosen filed a Motion for Partial Reconsideration of that Order but also filed a Motion for Leave to Appeal to the District Court for the Eastern District of Michigan which divested this Court of jurisdiction to consider the Motion for Partial Reconsideration. On July 17, 2023, the District Court denied the Motion for Leave to Appeal, placing this case before this Court for decision of all pending matters, including the Motion for Partial Reconsideration. This Court entered an Order scheduling a telephonic status conference regarding this matter and allowed the parties to file declarations regarding the status of this case. On August 1, 2023, the Court held a telephonic status conference at which counsel presented their respective positions. After consideration of the pleadings and arguments of counsel, the Court partially grants the Motion for Partial Reconsideration of Ms. Klaus and Mr. Roosen for the reasons stated in this Opinion.

1

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334, 157(a), and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Findings of Fact

Ms. Gillespie filed a petition seeking relief under Chapter 7 of the Bankruptcy Code with this Court on August 31, 2022. The event prompting this petition was the garnishment of her wages by Credit Corp. Solutions Inc. ("CCSI"). CCSI, per Ms. Klaus and Mr. Roosen, is the assignee of Synchrony Bank and Ms. Gillespie owed Synchrony money through a credit facility offered by Synchrony through Amazon.com. CCSI filed a lawsuit in the Crawford County District Court on September 24, 2021. Ms. Gillespie did not timely respond to the Complaint and the Crawford County District Court entered a default judgment on December 16, 2021. To enforce that judgment, Mr. Roosen applied for a writ of garnishment directed to Ms. Gillespie's employer. Her employer filed a Garnishee Disclosure on August 15, 2022 reporting that Ms. Gillespie did work for it and that it would begin garnishing the appropriate amount of funds. Mr. Roosen claims that his firm did not receive notice of the bankruptcy until September 1, 2022 and that he signed a Garnishment Release on September 6, 2022. Per Mr. Roosen, the delay is attributed to the intervening Labor Day holiday and that his office processed the garnishment disclosure within two business days. Thereafter, the Crawford County District Court processed the Garnishment Release on September 12, 2022 and sent the appropriate copies of the Garnishment Release on that day. Mr. Friedman, Ms. Gillespie's counsel, began demanding return of her garnished wages shortly after the August 31, 2022 petition, but his efforts did not result in an immediate release of these

2

22-20855-dob    Doc 91    Filed 08/29/23    Entered 08/29/23 16:55:09    Page 2 of 8

funds. Accordingly, a Motion for 2004 Examination was filed on October 5, 2022 to which Ms. Klaus and Mr. Roosen responded. To accommodate the schedules of the parties, the Court held a hearing on the Motion for 2004 Examination on November 3, 2022 and partially granted the relief requested by Ms. Gillespie. Generally, this Court granted Ms. Gillespie's request to have all documents regarding the release of the garnishment of her wages, as well as copies of policies and procedures relating to the release of garnishments when CCSI was notified of the bankruptcy. Additionally, the Court granted her request to have copies of policies and procedures regarding the servicing and collecting of debts with the limitation that this information be supplied for a time frame of January 1, 2022 to October 30, 2022. This limitation was put in place to reduce the scope of the inquiry and ease the burden upon Ms. Klaus, Mr. Roosen, and CCSI, but yet give Ms. Gillespie and Mr. Friedman an opportunity to see the nature of the methods and procedures used by CCSI so that Mr. Friedman could evaluate Ms. Gillespie's rights under federal and state law, including the Fair Debt Collection Practices Act ("FDCPA"). Thereafter, the 2004 examination of Mr. Roosen was scheduled and then the Court would determine whether the 2004 examination of Ms. Klaus was necessary.

The Motion for Partial Reconsideration states that Ms. Klaus and Mr. Roosen do not seek reconsideration of the order directing them to produce documents and records relating to the allegation of a potential stay violation. Instead, they seek reconsideration of the order directing them to provide information related to the Debtor's proposed FDCPA lawsuit as to CCSI and directing Mr. Roosen to appear for a 2004 examination.

Although Ms. Klaus and Mr. Roosen filed a Motion for Leave to Appeal, they did partially comply with the November 22, 2022 Order. Ms. Klaus and Mr. Roosen represent they have produced 397 documents detailing 363 judgment defendants who subsequently filed bankruptcy,

along with the date a bankruptcy petition was filed for each individual, the date of the release of the garnishment that was submitted to the state district court and the garnishment release for each of these individuals. The policy for handling collection cases after notification that a judgment defendant filed bankruptcy was also produced. In addition, the Motion for Partial Reconsideration attached a series of papers detailing the nature of the account Ms. Gillespie had with Synchrony demonstrating that Ms. Gillespie used the Synchrony account as late as December 15, 2015 and that the balance of that account on December 31, 2015 was $723.89. Ms. Klaus and Mr. Roosen argue that they have sufficiently complied with the November 22, 2022 Order and the production of additional information is unwarranted.

Ms. Gillespie views this matter differently. She contends that the documents produced, while being a good start, do not satisfy her inquiry as to the policies and procedures in place regarding the analysis performed by Mr. Roosen or anyone else as to whether the claims made by CCSI are valid or within the statute of limitations. She requested that this Court order additional documents to be produced, including all policies and procedures in place regarding the compliance by CCSI with the FDCPA.

At the August 1, 2023 hearing, the Court heard statements and arguments of counsel and concluded that a ruling on the Motion for Partial Reconsideration is appropriate given the return of this case to this Court.

Applicable Law

2004 Exams

Federal Rule of Bankruptcy Procedure 2004 provides generally for discovery. Rule 2004(a) states:

(a) Examination on motion

On motion of any party in interest, the court may order the examination of any entity.

The examination of the debtor, and of third parties, is limited by Rule 2004(b) to:

the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . .

"A 2004 examination is a reasonable and usual method to compel a Chapter 7 debtor to provide information that a Chapter 7 trustee or creditor cannot obtain voluntarily." *Stein v. Stubbs (In re Stubbs)*, 565 B.R. 115, 128 (B.A.P. 6th Cir. 2017) (citations omitted). If a debtor objects to the taking of of a 2004 examination, the burden is upon the party seeking the examination to establish "good cause." *Id*. Courts may, however, limit, condition, or forbid the use of a 2004 examination to prevent its misuse.

The scope of 2004(b) is very broad:

The scope of a Rule 2004 examination is "unfettered and broad" and the rule itself is "peculiar to bankruptcy law and procedure . . . ." Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to "a fishing expedition." There are limits to the scope of a 2004 examination. It may not be used for "purposes of abuse or harassment" and it "cannot stray into matters which are not relevant to the basic inquiry."

*In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985) (citations omitted).

Analysis

The current facts of this case are much different than presented to the Court in November, 2022. First, Ms. Klaus and Mr. Roosen have supplied information regarding collection actions taken against judgment defendants who ultimately filed bankruptcy. With this information, Mr. Friedman should be able to determine whether he has a sufficient basis to go forward regarding a potential violation of the automatic stay. The same is true as to information he received regarding Ms. Gillespie, along with the subsequent fact that Ms. Gillespie received the funds that were

5

garnished from her wages in November, 2022. Mr. Friedman has also received what Ms. Klaus and Mr. Roosen had represented to be policies and procedures regarding protocols in place once a judgment defendant has filed a bankruptcy petition.

What Mr. Friedman has not received yet, however, are any policies and procedures regarding efforts or investigations taken by CCSI to determine if the debt it purchased is valid and not afoul of the statute of limitations. It is true that Ms. Klaus and Mr. Roosen have supplied information as to Ms. Gillespie, which may or may not satisfy Mr. Friedman in regard to the validity of the debt Ms. Gillespie owed to CCSI, but Mr. Friedman does not have a basis to analyze whether CCSI has complied with the FDCPA.

Ms. Klaus and Mr. Roosen argue in their Motion for Partial Reconsideration that this Court under Local Bankruptcy Rule 9024-1(A) should reconsider the November 22, 2022, Order because they have demonstrated a palpable defect and that a different disposition will result from the requested correction. A palpable defect is established when a moving party points to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Henderson v. Walled Lake Consol. Schools*, 468 F.3d 479, 496 (6th Cir. 2006). A palpable defect is described as an "obvious, clear, unmistakable manifest or plain" error. *Michigan Dept. of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D. Mich. 2002).

In this case, the Court is persuaded that partial relief of the November 22, 2022 Order is appropriate. First, Ms. Klaus and Mr. Roosen should only be required to produce policies and procedures in place to determine that the obligation assigned to CCSI was valid and enforceable. These policies and procedures should include any analysis as to whether the debt in question was barred by applicable statute of limitations. Second, the 2004 examination of Mr. Roosen should be limited to those facts directly related to Ms. Gillespie but may include an inquiry into the

policies and procedures involving the determination of the validity of the debt Ms. Gillespie owed to CCSI and those policies and procedures that were in place once Mr. Roosen was informed of Ms. Gillespie's bankruptcy petition. Third, the present facts of this case persuade the Court that the 2004 examination of Ms. Klaus is unnecessary. The examination of Mr. Roosen as to the specific acts regarding Ms. Gillespie should be sufficient to allow Mr. Friedman and Ms. Gillespie to determine if they wish to pursue any action for the violation of the automatic stay or the FDCPA.

The Court does not reach this conclusion lightly. Originally, the statements made by Mr. Friedman caused grave concern to the Court that serious violations of the FDCPA could exist. The Court was also concerned that there was an unexplained delay in the return of the funds to Ms. Gillespie when the Court first heard this matter on November 3, 2022. Subsequently, explanations have been given that may, or may not, be completely satisfactory. At this early stage of the proceeding, which only involves the 2004 examination stage, this Court is not in a position to assess whether Ms. Gillespie has viable claims or whether CCSI has viable defenses. The Court will note, however, that while it has limited the inquiry by Mr. Friedman, it also has liberated him from subsequent claims that he has not complied with Rule 9011. Second, the Court will also note that Ms. Klaus' invitation to Mr. Friedman to file a motion or an adversary proceeding remains open and that either method may prove more satisfactory to the parties then skirmishing over Rule 2004 discovery issues. For these reasons, the Court partially grants the Motion for Partial

Reconsideration filed by Ms. Klaus and Mr. Roosen. They are directed to submit an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on August 29, 2023**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge